# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA CHARLENE FAALEVAO,<br><br>           Plaintiff,<br><br>v.<br><br>TIMOTHY DAVENPORT MECHEM, INSURED, AND ALLSTATE INSURANCE COMPANY,<br><br>           Defendants. | 1:10-cv-00688 OWW GSA<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff, Lia Charlene Faalevao ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint alleging damages for personal injuries against Timothy Davenport Mechem and Allstate Insurance Company ("Defendants"). Plaintiff is requesting compensatory damages of $500,000 and punitive damages of $100,000.

## DISCUSSION

***A.    Screening Standard***

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. At 1949 (quoting *Twombly*, 550 U.S. at 555). While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S.Ct. At 1950. While factual allegations are accepted as true, legal conclusion are not. *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

### B. Plaintiff's Allegations

Plaintiff alleges that Defendant Mechem's vehicle struck her vehicle, and that resulting collision caused property damage to Plaintiff's vehicle and personal injury to Plaintiff in the form of "whiplash injuries to her neck, shoulders, and her back areas . . . ." Doc. 1 at 2. Plaintiff alleges that Defendant Mechem was insured by Defendant Allstate, and that Defendant Allstate paid Plaintiff's property damage claim in the amount of $5,329.49. Doc. 1 at 3. Plaintiff alleges

that Defendant Allstate offered to settle her bodily injury claim for $4,700, but refused Plaintiff's offers to settle for various amounts between $15,000 and $70,000.  Doc. 1 at 3-4.

Plaintiff alleges $200,000 in damages for soft tissue injuries and past pain and suffering, and seeks $300,000 in damages for future pain and suffering.  Doc. 1 at 5.  Plaintiff also seeks $100,000 in punitive damages.  Doc. 1 at 6.

### C. Jurisdiction

The parties appear diverse: Plaintiff is a citizen of Oregon and Defendant Mechem is a citizen of California.  Moreover, Plaintiff asserts damages in excess of the jurisdictional requirement.  28 U.S.C. § 1332.

### D. Analysis

#### 1. The Claim Against Defendant Mechem

Federal Rules of Civil Procedure, Rule 8, establishes general pleading rules and provides in pertinent part:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Construing Plaintiff's complaint in the light most favorable to her, it appears that she has sufficiently pled a cause of action for negligence against Defendant Mechem.  Nonetheless, if Plaintiff opts to file an amended complaint, see discussion *ante*, Plaintiff is reminded that to state a claim for negligence under California law she must establish that the defendant owed Plaintiff a legal duty, that the defendant breached that duty, and that the breach proximately caused her injuries.  *Gilmer v. Ellington*, 159 Cal.App.4th 190, 196, 70 Cal.Rptr.3d 893 (2d Dist. 2008); *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 666, 673, 25 Cal.Rptr.2d 137 (1993).

#### 2. The Claims Against Defendant Allstate

Plaintiff has failed to state a claim against Defendant Allstate.  Plaintiff appears to be making a claim that Allstate acted wrongfully or improperly in refusing to agree to Plaintiff's offers to settle her claim for bodily injury, but she fails to show that she is entitled to such a

settlement. A negligence cause of action will necessarily fail because Allstate has no duty to settle with Plaintiff. The insurer owes a duty to settle to its insured and not to the injured claimant. *Murphy v. Allstate Insurance Company*, 17 Cal.3d 937, 941, 132 Cal.Rptr. 424, 553 P.2d 584 (1976). Therefore, Allstate's obligation or duty is owed to Mechem. Nevertheless, although it appears amendment would be futile, Plaintiff will be permitted an opportunity to amend if she can identify legal authority permitting such an action.

Plaintiff's complaint could possibly be interpreted to allege bad faith on the part of Allstate. To state a cause of action for bad faith under California Insurance Code section 790.03, subdivision (h)(5),[1] Plaintiff must establish the following:,

> (1) The insurance company had facts to demonstrate that liability of their insured had become reasonably clear; (2) Knowing of these facts the insurance company did not act in good faith to effectuate a prompt, fair, and equitable settlement with the claimant; and (3) There has been a settlement or a final determination that the insured is liable to the claimant.

*Jackson v. State Farm Mutual Automobile Insurance Company*, 148 Cal.App.3d 1179, 1185, 196 Cal.Rptr. 474 (1983).

Addressing the third requirement of a cause of action under section 790.03 in *Moradi-Shalal v. Fireman's Fund Insurance Companies*, 46 Cal.3d 287, 306, 250 Cal.Rptr. 116, 758 P.2d 58 (1988), the California Supreme Court stated that "settlement is an insufficient conclusion of the underlying action: there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer . . .." The *Moradi-Shalal* court further noted that section 790.03 "does not require the insurer to settle all third party claims. The insurer is entitled, in good faith, to decline to pay what it considers to be an excessive settlement on a claim of questionable validity." *Id*. at 308.

---

[1] Section 790.03 reads, in relevant part:
"The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance.
"...
"(h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:
"...
"(5) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."

In light of the foregoing legal authority, it appears that Plaintiff may be unable to state a bad faith claim against Allstate. Nevertheless, erring on the side of caution, the Court will allow Plaintiff an opportunity to amend her complaint to state such a claim, if she is able to do so. Plaintiff is cautioned that she must show that (1) Allstate had facts demonstrating the liability of its insured, (2) how, in light of those facts, Allstate did not act in good faith to effectuate a prompt, fair and equitable settlement, and (3) that a final determination exists establishing the liability of Allstate's insured to Plaintiff (the fact Allstate settled Plaintiff's property damage claim is irrelevant).

## CONCLUSION

In sum, Plaintiff has a cognizable claim against Defendant Mechem regarding negligence, however, the complaint fails to state a claim regarding Defendant Allstate. If Plaintiff intends to pursue a claim of negligence and/or bad faith, or any other claim against Defendant Allstate, the Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding on the negligence claim against Defendant Mechem only, Plaintiff may so notify the Court in writing, and the Court will issue Findings and Recommendations recommending that the allegations against Defendant Allstate be dismissed from this action. The Court will forward Plaintiff a summons and a USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If however Plaintiff opts to amend, her amended complaint should be brief (Fed. R. Civ. P. 8(a)), but should clearly identify the causes of action and the elements of each cause of action. Plaintiff is reminded that detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. She must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that she does not wish to file an amended complaint and wishes to proceed only against Defendant Mechem regarding the negligence claim; and

2. If Plaintiff fails to comply with this order, this Court will recommend that the action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **June 10, 2010**            /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE