1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9                   EASTERN DISTRICT OF CALIFORNIA

10  LIA CHARLENE FAALEVAO,          )   1:10-cv-00688 OWW GSA
                                    )
11                                  )   FINDINGS AND RECOMMENDATION
                                    )   REGARDING DISMISSAL OF CLAIMS
12                  Plaintiff,      )   AGAINST ALLSTATE INSURANCE
                                    )   COMPANY
13      v.                          )
                                    )
14  TIMOTHY DAVENPORT MECHEM        )
    AND ALLSTATE INSURANCE          )
15  COMPANY,                        )
                                    )
16                                  )
                    Defendants.     )
17  _____)

18

19      Plaintiff Lia Charlene Faalevao ("Plaintiff"), appearing pro se and proceeding in forma

20  pauperis, filed a complaint on April 19, 2010, naming Timothy Davenport Mechem and Allstate

21  Insurance Company as defendants.  (Doc. 1.)

22      On June 10, 2010, the Court issued an Order dismissing Plaintiff's complaint and

23  permitting her to either (1) file an amended complaint curing the deficiencies with regard to her

24  claims against Allstate Insurance Company, or (2) advise the Court in writing that she wished to

25  proceed with her negligence claim against Timothy Davenport Mechem only.  (Doc. 6 at 6.)

26      On July 8, 2010, the Court received written notice from Plaintiff indicating her wish to

27  proceed with regard to her claim against Mechem only.  Plaintiff indicated she would not be

28  filing an amended complaint as a result.  (Doc. 9.)  For the reasons discussed below, the Court

                                    1

1  now recommends that this action be dismissed against Allstate Insurance Company without leave

2  to amend.  Contemporaneous with this recommendation, the Court has issued an order directing

3  Plaintiff to file USM-285 forms regarding service of process of Timothy Davenport Mechem.

**DISCUSSION**

4

5  **A.    *Plaintiff's Allegations***

6      Plaintiff's April 19, 2010, complaint alleges that Defendant Timothy Davenport

7  Mechem's vehicle struck her vehicle on April 17, 2008, and that the resulting collision caused

8  her personal injuries, as well as property damage to her vehicle.  Specifically, Plaintiff asserts

9  "whiplash injuries in her neck, shoulders and back areas . . .." (Doc. 1 at 2.)  Plaintiff asserts that

10  Mechem was insured by Defendant Allstate Insurance Company, and that Allstate paid Plaintiff's

11  property damage claim in the amount of $5,329.49. (Doc. 1 at 3.)  Plaintiff alleges that

12  Defendant Allstate offered to settle her personal injury claim for $4,700, refusing to accept her

13  offers to settle for various amounts between $15,000 and $70,000. (Doc. 1 at 3-4.)  Plaintiff's

14  complaint seeks $200,000 in damages for soft tissue injuries and past pain and suffering,

15  $300,000 in damages for future pain and suffering, and $100,000 in punitive damages. (Doc. 1 at

16  5-6.)

17  **B.    *Screening Standard***

18      Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct

19  an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a

20  complaint or portion thereof if it determines that the action is legally "frivolous or malicious,"

21  fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

22  who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the

23  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies

24  of the complaint can be cured by amendment.

25      A complaint must contain "a short and plain statement of the claim showing that the

26  pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

27  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

1  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

2  must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

3  face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions

4  can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*,

5  129 S.Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal*

6  at 1949.

7      In reviewing a complaint under this standard, the Court must accept as true the allegations

8  of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740

9  (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick*

10  *v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12      A pleading may not simply allege a wrong has been committed and demand relief.  The

13  underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

14  "grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v.*

15  *United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

16      **C.      *Analysis Regarding Allstate-Related Claims***

17      Plaintiff's complaint alleges that Allstate acted wrongfully or improperly in refusing to

18  accept her various settlement offers concerning her personal injuries.  However, Plaintiff cannot

19  state a claim against Allstate because it has no duty to settle with Plaintiff.  An insurer owes a

20  duty to settle to its insured, rather than to the injured claimant.  *See Murphy v. Allstate Insurance*

21  *Company*, 17 Cal.3d 937, 941, 132 Cal.Rptr. 424, 553 P.2d 584 (1976).  Therefore, Allstate's

22  obligation or duty is owed to Mechem, rather than Plaintiff.  Thus, permitting Plaintiff any

23  further opportunity to amend her complaint in this regard would be futile.

24      To the degree Plaintiff's complaint could be interpreted to allege bad faith on the part of

25  Allstate, she must establish that:

26      (1) The insurance company had facts to demonstrate that liability of their insured had
        become reasonably clear; (2) Knowing of these facts the insurance company did not act in
27      good faith to effectuate a prompt, fair, and equitable settlement with the claimant; and (3)
        There has been a settlement or a final determination that the insured is liable to the
28      claimant.

1   *Jackson v. State Farm Mutual Automobile Insurance Company*, 148 Cal.App.3d 1179, 1185, 196

2   Cal.Rptr. 474 (1983).  Plaintiff has failed to allege any facts to establish the foregoing.

3           Moreover, addressing the third requirement of a bad faith claim, in *Moradi-Shalal v.*

4   *Fireman's Fund Insurance Companies*, 46 Cal.3d 287, 306, 250 Cal.Rptr. 116, 758 P.2d 58

5   (1988), the California Supreme Court expressly stated that "settlement is an insufficient

6   conclusion of the underlying action: there must be a conclusive judicial determination of the

7   insured's liability before the third party can succeed in an action against the insurer . . .."

8   Plaintiff has failed to allege a bad faith claim against Allstate, and plainly, any amendment would

9   be futile.

10                                   **RECOMMENDATION**

11          Based on the foregoing, and Plaintiff's written election to proceed only against Defendant

12  Timothy Davenport Mechem, the Court RECOMMENDS that the claims against Allstate

13  Insurance Company be DISMISSED WITHOUT LEAVE TO AMEND.

14          These findings and recommendations will be submitted to the Honorable Oliver W.

15  Wanger, pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  In

16  light of Plaintiff's written election filed July 8, 2010, objections to these findings are not

17  anticipated.  Nevertheless, if Plaintiff wishes to object, she must do so within fifteen (15) days

18  after being served.  Any objections should be captioned "Objections to Magistrate Judge's

19  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

20  specified time may waive the right to appeal the District Court's order dismissing the claims

21  against Allstate Insurance Company.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22

23      IT IS SO ORDERED.

24    **Dated:   July 13, 2010**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                              4