**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA CHARLENE FAALEVAO,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY DAVENPORT MECHEM, INSURED, AND ALLSTATE INSURANCE COMPANY,<br><br>Defendants. | 1:10-cv-00688 OWW GSA<br><br>**ORDER DIRECTING PLAINTIFF TO FILE USM-285 FORMS** |

Plaintiff Lia Charlene Faalevao ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed a complaint alleging damages for personal injuries against Timothy Davenport Mechem and Allstate Insurance Company ("Defendants"). On June 10, 2010, following screening of Plaintiff's complaint, this Court directed Plaintiff to either file an amended complaint curing the deficiencies identified in the order, or to advise the Court, in writing, that she did not wish to file an amended complaint, but rather wished to proceed only against Defendant Mechem on a negligence cause of action. (Doc. 6 at 6.)

On July 8, 2010, the Court received notice in writing from Plaintiff indicating that she has elected not to file an amended complaint, and instead wishes to proceed against Defendant Mechem solely on the negligence cause of action. (Doc. 9.)

1

**DISCUSSION**

*A.     Screening Standard*

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. At 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S.Ct. At 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal* at 1949.

*B.     Analysis*

Plaintiff alleges that on April 17, 2008, in Fresno, California, Defendant Mechem's vehicle struck her vehicle, and that the resulting collision caused property damage to Plaintiff's vehicle and personal injuries to Plaintiff in the form of "whiplash injuries to her neck, shoulders, and her back areas . . .."  Doc. 1 at 2.  A claim for negligence requires a plaintiff establish that the defendant owed plaintiff a legal duty, that the defendant breached that duty, and that the breach proximately caused plaintiff's injuries.  *Gilmer v. Ellington*, 159 Cal.App.4th 190, 196, 70 Cal.Rptr.3d 893 (2d Dist. 2008); *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 666, 673,

25 Cal.Rptr.2d 137 (1993).  Liberally construed, Plaintiff has stated a claim for negligence against Defendant Mechem.

Because Plaintiff has alleged damages in excess of $75,000, and because there exists diversity of citizenship between Plaintiff, an Oregon resident, and Defendant, a California resident, IT IS HEREBY ORDERED that:

1. Service is appropriate for Defendant Timothy Davenport Mechem;

2. The Clerk of the Court shall send Plaintiff a single USM-285 form, and summons, an instruction sheet, a copy of the Complaint filed on April 19, 2010, and a copy of this Order;

3. **Within THIRTY (30) DAYS** from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and return the completed Notice to the Court with the following documents:

   a. Completed summons;

   b. A completed USM-285 form for the Defendant listed above;

   c. A copy of the endorsed Complaint filed April 19, 2010; and

   d. A copy of the instant Order dated July 13, 2010;

4. Plaintiff need not attempt service on Defendant and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

5. *The failure to comply with this Order will result in a Recommendation that this action be dismissed*.


IT IS SO ORDERED.

Dated:   **July 13, 2010**                   /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE