UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA CHARLENE FAALEVAO,<br><br>       Plaintiff,<br><br>vs.<br><br>TIMOTHY DAVENPORT MECHEM AND<br>ALLSTATE INSURANCE COMPANY,<br><br>       Defendants. | 1:10-cv-00688 OWW GSA<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION (1) TO COMPEL ANSWERS TO INTERROGATORIES, (2) TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, (3) TO COMPEL ATTENDANCE AT PHYSICAL EXAMINATION, (4) TO COMPEL ATTENDANCE AT DEPOSITION, (5) TO MODIFY SCHEDULING ORDER DATES, AND (6) TO CONTINUE THE TRIAL DATE, OR, IN THE ALTERNATIVE, (7) TO DISMISS THE ACTION.<br><br>(DOC. 25) |

I.   INTRODUCTION

Before the court is Defendant Timothy Mechem's ("Defendant") Motion (1) to Compel Answers to Interrogatories, (2) to Compel Responses to Requests for Production of Documents, (3) to Compel Attendance at Physical Examination, (4) to Compel Attendance at Deposition, (5) to Modify Scheduling Order Dates, and (6) to Continue the Trial Date, or, in the Alternative, (7) to Dismiss the Action. (Doc. 25). Plaintiff, appearing pro se and proceeding *in forma pauperis*, did not file an opposition. The matter was heard May 9, 2011. Plaintiff did not make an appearance at the hearing.

1

## II.   FACTUAL BACKGROUND

This is a personal injury action arising from an automobile accident between Plaintiff and Defendant occurring on or about April 17, 2008. Plaintiff filed a Complaint on April 19, 2010. (Doc. 1). Defendant Allstate Insurance Company was dismissed from the action on August 9, 2010. (Doc. 12).

A scheduling conference order dated December 8, 2010 set the following schedule: (1) January 31, 2011: deadline for Rule 26(a) disclosures; (2) April 1, 2011: deadline for written disclosures of expert witnesses; (3) May 2, 2011: deadline for rebuttal or supplemental expert disclosures; (4) June 1, 2011: discovery cut-off; (5) June 15, 2011: deadline for non-dispositive pre-trial motions; (6) July 1, 2011: deadline for dispositive pre-trial motions; (7) July 13, 2011: settlement conference; (8) September 12, 2011: pre-trial conference; and (9) October 25, 2011: 4-day jury trial.

## III. LEGAL STANDARD AND ANALYSIS

### A.   MOTION TO COMPEL DISCOVERY

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Federal Rules of Civil Procedure create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the

judicial process by promoting the search for truth." *Epstein v.*

*MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

    A party seeking discovery may move to compel disclosure or

discovery under Rule 37(a)(1):

> On notice to other parties and all affected persons, a party
> may move for an order compelling disclosure or discovery.
> The motion must include a certification that the movant has
> in good faith conferred or attempted to confer with the
> person or party failing to make disclosure or discovery in
> an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

        1.    Interrogatories, Requests for Production of
              Documents, Rule 26 Disclosures

    Defendant seeks an order compelling Plaintiff: (1) to

respond to Defendant's interrogatories and requests for

production of documents, which were served on Plaintiff December

18, 2010; and (2) to provide Rule 26 disclosures, which were due

January 31, 2011. Defendant's counsel submits a declaration

describing his repeated attempts (i.e., numerous phone calls,

letters, and e-mails) to confer with Plaintiff to obtain the

requested discovery without court action. (Doc. 27). Plaintiff

has provided no excuse or justification for the failure to

provide the requested discovery and Rule 26 disclosure.

    Defendant's motion to compel discovery is GRANTED. Plaintiff

shall provide the Rule 26 disclosures and respond to Defendant's

interrogatories and requests for production of documents within

thirty (30) days following service of an order on this memorandum

decision.

                                 3

1

2       **2.   Compel Attendance at Physical Examination and
             Deposition**

3           Defendant seeks an order compelling Plaintiff to attend a

4    medical examination at 10:00 a.m. on June 9, 2011 and a 3:00 p.m.

5    deposition that same day, subject to Defendant's payment of

6    Plaintiff's reasonable travel expenses from Portland to Fresno.

7    Defendant alleges that during December 2010 and January 2011,

8    Defendant attempted to arrange Plaintiff's medical examination

9    and deposition. The parties tentatively agreed that Defendant

10   would pay Plaintiff's travel expenses from Portland to Fresno and

11   that the deposition and medical examination would take place on

12   April 14, 2011. Approximately two weeks before Defendant filed

13   this motion, Plaintiff advised that a problem with her father and

14   family required her to travel to American Samoa. Plaintiff

15   requested that Defendant pay her travel expenses from American

16   Samoa to Fresno to attend the deposition and medical examination.

17   On March 11, 2011, Plaintiff called and emailed Defendant to

18   confirm her plan to leave for American Samoa at the end of March

19   for two or three months, possibly longer, and requested that the

20   medical examination and deposition be scheduled after mid-May, at

21   the earliest.

22          Defendant's motion to compel Plaintiff's attendance at a

23   medical examination and deposition on June 9, 2011 is GRANTED,

24   subject to Defendant's payment of Plaintiff's traveling expenses

25   from Portland, Oregon to Fresno, California.

26

27

28
                                    **4**

B.   <u>MOTION TO MODIFY SCHEDULING ORDER AND TRIAL DATE</u>

Defendant requests a five-month continuance of all dates in the scheduling order, including the trial date.

Dates in a Rule 16 scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Diligence should not be confused with carelessness, which is not grounds for relief. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the moving party was not diligent, the inquiry should end. *Id.*

There is good cause to modify the scheduling order. Defendant has been diligent in his efforts to obtain discovery and to meet the scheduling order deadlines. Plaintiff has not responded to Defendant's discovery requests, has not provided Rule 26 disclosures, has been in American Samoa since March, and has not submitted to a deposition and medical examination. Through no fault of his own, Defendant has not been able to disclose expert witnesses before April 1, 2011 or disclose rebuttal or supplemental expert witnesses before May 2, 2011. The June 1, 2011 discovery cut-off deadline is fast approaching. The

deadlines in the scheduling order, including the trial date,

shall be continued. Defendant's motion to modify the scheduling

order and trial date is GRANTED.

C.    <u>MOTION TO DISMISS</u>

Defendant moves to dismiss the action pursuant to Rule 37

for Plaintiff's failure to comply with Rule 26.

Rule 26(a)(1) requires that parties make initial disclosures

at or within 14 days after the parties' Rule 26(f) conference,

unless a different time is set by court order. Here, the

scheduling order required Rule 26(a) disclosures by January 31,

2011.

Rule 37(c)(1), which gives teeth to Rule 26, *Yeti by Molly,*

*Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.

2001), provides:

> If a party fails to provide information or identify a
> witness as required by Rule 26(a) or (e), the party is not
> allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless
> the failure was substantially justified or is harmless. In
> addition to or instead of this sanction, the court, on
> motion and after giving an opportunity to be heard:
>
> (A)   May order payment of the reasonable expenses, including
>       attorney's fees, caused by the failure;
> (B)   May inform the jury of the party's failure; and
> (C)   May impose other appropriate sanctions, including any
>       of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Sanctions may include "dismissing the

action or proceeding in whole or in part." Fed. R. Civ. P.

37(b)(2)(a)(v).

The district court has wide latitude to issue sanctions

6

under Rule 37(c)(1). *Yeti*, 259 F.3d at 1106. There are two express exceptions to Rule 37(c)(1): the failure to provide the information or witness was substantially justified or was harmless. *Id*. Sanctions are also not ordinarily applied where the defaulting party made a good-faith effort to comply. *Porter v. Martinez*, 941 F.2d 732, 734 (9th Cir. 1991) (holding that dismissal of a homeless, indigent and severely handicapped individual's civil rights action for failure to comply with discovery orders was an abuse of discretion, where plaintiff had attempted to comply with defendant's massive discovery requests and failure to fully comply did not rise to level of flagrant bad faith)).

Defendant contends that since Plaintiff has not made any Rule 26 disclosures, she cannot call any witnesses or introduce any documents at trial. Defendant argues that since Plaintiff has the burden of proof on negligence and damages, she cannot prove her case at trial and the action should be dismissed.

"A district court has the discretion to impose the extreme sanction of dismissal if there has been 'flagrant, bad faith disregard of discovery duties.'" *Id.* at 733 (quoting *Wanderer v. Johnston*, 910 F.2d 652, 655-56 (9th Cir. 1990)). A district court weighs five factors in determining whether to dismiss a case as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

7

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *U.S. for Use & Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The totality of the five factors weighs against dismissing Plaintiff's case. The public interest in expeditious resolution of the litigation and the court's need to manage its docket weigh in favor of sanctions, as Plaintiff's failure to provide Rule 26 disclosures has resulted in delay of the case schedule and trial date. The third factor weighs against sanction: Defendant has not asserted any prejudice resulting from Plaintiff's delay; Defendant's motion was filed a month and a half after the Rule 26 deadline; and the entire case schedule will be modified. The fourth factor, public policy favoring disposition of cases on their merits, weighs heavily against dismissal. Lastly, there are less drastic sanctions available than dismissal; however, because Plaintiff is indigent, monetary sanctions will not be imposed at this time.

Defendant's motion to dismiss is DENIED without prejudice. Plaintiff is expressly warned that any future failure to timely comply with schedules and orders, unless supported by convincing evidence of good cause given before expiration of the deadline,

8

1  will not be tolerated and will result in sanctions.

2  IV.   CONCLUSION

3  For the reasons stated:

4      1. Defendant's Motion to Compel is GRANTED in part and DENIED

5          in part, as follows:

6              a. Defendant's motion to compel answers to

7                  interrogatories, requests for production of documents,

8                  and Rule 26 disclosures is GRANTED.

9              b. Defendant's motion to compel Plaintiff's attendance at

10                 a physical examination and deposition is GRANTED.

11             c. Defendant's motion to modify the scheduling order and

12                 continue the trial date is GRANTED.

13             d. Defendant's motion to dismiss is DENIED.

14     2. Defendant shall submit a proposed form of order consistent

15         with this memorandum decision within five (5) days following

16         electronic service of this memorandum decision.

17 SO ORDERED.

18 DATED: May 16, 2011

                                    /s/ Oliver W. Wanger
                                       Oliver W. Wanger
                                  United States District Judge

9