# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA CHARLENE FAALEVAO,<br><br>           Plaintiff,<br><br>     v.<br><br>TIMOTHY DAVENPORT MECHEM, INSURED, AND ALLSTATE INSURANCE COMPANY,<br><br>           Defendants. | 1:10-cv-00688 OWW GSA<br><br>**ORDER TO SHOW CAUSE**<br><br>**Hearing Date: 7/13/11**<br>**Time: 10:00 a.m.**<br>**Courtroom 10**<br><br>**ORDER VACATING SETTLEMENT CONFERENCE** |

Pursuant to District Judge Oliver W. Wanger's May 26, 2011 Order, Plaintiff Lia Charlene Faalevao was ordered, *inter alia*, as follows:

> 4.   Plaintiff shall appear for a medical examination by Dr. H.B. Morgan on June 9, 2011, at 2:00 p.m. in the offices of Dr. Morgan located at 5690 N. Fresno St., #110, Fresno, California.
> 5.   Plaintiff shall appear for her deposition on June 9, 2011, at 9:00 a.m. at the offices of Auchard & Steward, 2377 W. Shaw, Suite 106, Fresno, California.

(Doc. 38 at 2.) However, as the undersigned was recently advised in written correspondence by defense counsel, Plaintiff has failed to comply with Judge Wanger's Order. More particularly, the undersigned was advised that Plaintiff failed to appear for the medical examination by Dr. Morgan, and also failed to attend her own deposition.

1   Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
2   Rules or with any order of the Court may be grounds for imposition by the Court of any and all
3   sanctions . . . within the inherent power of the Court." District courts have the inherent power to
4   control their dockets and "in the exercise of that power, they may impose sanctions including,
5   where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
6   Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute
7   an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v.
8   Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik
9   v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an
10  order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
11  1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
12  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal
13  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
14  1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In
15  determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or
16  failure to comply with local rules, the court must consider several factors: (1) the public's interest
17  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
18  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
19  and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779
20  F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

21  Plaintiff **LIA CHARLENE FAALEVAO** is hereby **ORDERED TO PERSONALLY
22  APPEAR** to show cause, if any, why the action should not be dismissed for her failure to obey
23  the Court's previous order. Therefor, it is ordered that Ms. Faalevao **SHALL PERSONALLY
24  APPEAR** at the hearing on this Order scheduled for **Wednesday, July 13, 2011 at 10:00 a.m. in
25  Courtroom 10**.

26  *Plaintiff is cautioned that a failure to personally appear as required in this Order to
27  Show Cause will result in a recommendation that this action be dismissed for her failure to
28  follow a court order and for a failure to prosecute this action.*

Finally, in light of the foregoing, the mandatory settlement conference scheduled for July 13, 2011, at 10:00 a.m. in Courtroom 10 before the undersigned is hereby VACATED.

IT IS SO ORDERED.

**Dated:   June 17, 2011**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE