# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIA CHARLENE FAALEVAO, | 1:10-cv-00688 OWW GSA |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE** |
| v. | |
| TIMOTHY DAVENPORT MECHEM, INSURED, AND ALLSTATE INSURANCE COMPANY, | |
| Defendants. | |

**RELEVANT PROCEDURAL BACKGROUND**

On April 19, 2010, Plaintiff Lia Charlene Faalevao filed a complaint with this Court asserting causes of action against Defendants Timothy Davenport Mechem and Allstate Insurance Company. (Doc. 1.) This Court screened the complaint, and eventually the summons and complaint were served on Defendant Mechem.[1] (Docs. 6 & 14.) Defendant filed an answer to the complaint on October 27, 2010. (Doc. 16.)

//
//

---

[1] Defendant Allstate Insurance Company was dismissed and never served with the summons and complaint. (*See* Docs. 6, 9-10 & 12.)

1

1    A Scheduling Conference Order was issued by District Judge Oliver W. Wanger on
2 December 8, 2010, wherein numerous discovery deadlines and hearing dates were set and agreed
3 to by all parties. (Doc. 24.)
4    On March 15, 2011, Defendant Mechem filed a Motion to Compel Answers to
5 Interrogatories, to Compel Responses to Requests for Production of Documents, to Compel
6 Attendance at Physical Examination, to Compel Attendance at Deposition, to Modify Scheduling
7 Order, and to Continue the Trial Date, or in the Alternative, to Dismiss the Action. The motion
8 was set before Judge Wanger. (Docs. 25-27.)
9    On May 9, 2011, the time set for hearing on the motion, Defendant Mechem appeared
10 through counsel Paul Auchard; Plaintiff failed to appear. (Doc. 30.)
11    On May 17, 2011, Judge Wanger issued a Memorandum Decision and Order regarding
12 Defendant's motion. In relevant part, Judge Wanger ordered Plaintiff to respond to
13 interrogatories, requests for production of documents, and to attend both a deposition and a
14 physical examination. Moreover, the scheduling order was ordered modified and the trial date
15 was continued. (Doc. 35.)
16    On May 26, 2011, Judge Wanger ordered, in pertinent part, the following:

  1. Plaintiff shall provide the Rule 26 disclosures within 30 days.
  2. Plaintiff shall answer the interrogatories propounded by defendant[] within 30 days.
  3, Plaintiff shall respond to defendant's request for production of documents within 30 days.
  4. Plaintiff shall appear for a medical examination by Dr. H.B. Morgan on June 9, 2011, at 2:00 p.m. in the offices of Dr. Morgan located at 5690 N. Fresno St., #110, Fresno, California.
  5. Plaintiff shall appear for her deposition on June 9, 2011, at 9:00 a.m. at the offices of Auchard & Stewart, 2377 W. Shaw, Suite 106, Fresno, California.
  6. Defendant shall pay plaintiff's reasonable travel and lodging expenses for the medical examination and deposition referred to in paragraphs 3 and 4 from Portland, Oregon.

25 (Doc. 38 at 1-2.)
26    Thereafter, on June 17, 2011, this Court was advised that Plaintiff had failed to comply
27 with Judge Wanger's directives. Thus, an Order to Show Cause was issued by the undersigned,
28

requiring Plaintiff's personal appearance at the hearing set for 10:00 a.m. in Courtroom 10 on July 13, 2011. (Doc. 39.)

On June 24, 2011, Defendant filed a Memorandum of Points and Authorities in Support of Dismissal of the Action, including a declaration of defense counsel, regarding Plaintiff's failure to participate in the litigation. (Docs. 40-41.)

On July 13, 2011, this Court held a hearing on the Order to Show Cause. Paul Auchard personally appeared on behalf of Defendant Mechem. Plaintiff failed to appear.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

*Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

      In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since April 19, 2010, yet there is no indication that Plaintiff intends to prosecute this action for she has ignored several court orders requiring either a response or action on her part. *Henderson v. Duncan*, 779 F.2d at 1424. The third factor, risk of prejudice, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). More specifically, Defendant has sought to obtain discovery from Plaintiff and/or attempted to arrange for Plaintiff's deposition and medical evaluation for more than six months without success. The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

      Finally, a court's warning to a party that a failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Here, Plaintiff received such a warning on June 17, 2011, when this Court warned Plaintiff that "***a failure to personally appear as required in this Order to Show Cause will result in a recommendation that this action be dismissed for her failure to follow a court order and for a failure to prosecute this action.***" (Doc. 39 at 2, emphasis in original.) Moreover, Plaintiff was similar warned on May 21, 2010: "Failure to comply with the Local Rules, federal rules or a court order . . . will be grounds for dismissal . . ." and yet again on August 22, 2010. (*See* Docs. 5 at 1 & Doc. 15 at ¶ 6.) Thus, Plaintiff has had more than adequate warning that dismissal would result from noncompliance with court orders.

//

//

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with numerous court orders and for a failure to prosecute this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 14, 2011            /s/ Gary S. Austin
                               UNITED STATES MAGISTRATE JUDGE